**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **SHERRY D. MOSELY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:05-cv-00337 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **COOPER TIRE & RUBBER** | ) | **[Re: Motion at Docket 44]** |
| **COMPANY, _et al.,_** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 44, defendant Cooper Tire & Rubber Company ("Cooper Tire") moves the court for an order compelling plaintiff Sherry Mosely to execute medical releases and to submit to an independent medical examination.  At docket 45, defendant Pep Boys Manny Moe & Jack of California ("Pep Boys") joins the motion to compel.  Plaintiff Mosely opposes the motion at docket 47.  Defendants' reply briefs are filed at docket numbers 62 and 63.

## II.  BACKGROUND

This action arises out of a single vehicle accident on September 7, 2002.  Plaintiff Sherry Mosely was a passenger in the 1988 GMC pickup truck which was involved in

the accident.  Mosely subsequently filed a complaint in state court against defendants

Cooper Tire and Pep Boys, alleging claims of product liability and negligence.  Plaintiff's

complaint alleges that plaintiff suffered serious and permanent injuries, and seeks

general and punitive damages, as well as reasonable medical expenses.  Defendants

removed plaintiff's complaint to federal court based on diversity pursuant to 28 U.S.C. §

1441.

### III.  STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite

broad.[1]  Rule 26(a) permits the discovery of any non-privileged matter relevant to any

claim or defense asserted by any party.[2]  "'Relevant evidence' means evidence having

any tendency to make the existence of any fact that is of consequence to the

determination of the action more or less probable..."[3]  The information sought "need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."[4]  "If a party fails to make a disclosure required by

Rule 26(a), any other party may move to compel disclosure and for appropriate

sanctions."[5]

---

[1] *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

[2] FED. R. CIV. P. 26(b)(1).

[3] FED. R. EVID. 401.

[4] Fed. R. Civ. P. 26(b)(1).

[5] FED. R. CIV. P. 37(a)(2)(A).

## IV.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(a), defendant Cooper Tire requests an order compelling plaintiff to execute medical releases defendants have presented to plaintiff.  Defendant Pep Boy joins the motion to compel and also requests an order compelling plaintiff to sign releases for her employment, insurance, and Social Security Administration records.  Defendants allege that while plaintiff's initial disclosure statement identified expenses for ten medical providers, plaintiff has produced clinical records from only one medical provider.  Defendants further allege that in her deposition, plaintiff "identified three additional medical providers she saw after the accident (one for a second opinion relating to this accident, a chiropractor and her PCP) and two she saw before (a chiropractor and her PCP)."[6]  The motion to compel includes a certification that defendant Cooper Tire has in good faith attempted to confer with plaintiff in the effort to secure the requested medical releases without court action, as required under Rule 37(a)(2)(A).[7]  Defendant Pep Boys incorporates by reference the good faith efforts described in defendant Cooper Tire's memorandum.[8]

Plaintiff opposes the motion on the grounds that she has prepared and signed a "more limited release,"[9] limiting the release of medical records to dates plaintiff alleges are relevant.  Defendants argue that plaintiff "should not be allowed to determine

---

[6]Doc. 44 at 6-7.

[7]Doc. 44, exh. 2.

[8]Doc. 45, exh. 2.

[9]Doc. 47 at 3.

relevancy by selectively releasing records."[10]  The court concurs.  By commencing an action alleging serious and permanent injuries, plaintiff has placed her medical condition and history at issue and defendants are entitled to review her medical records.  While some of the medical records sought by defendants may ultimately be inadmissible at trial, that is not a ground for objection here because defendants' request for the executed medical releases "appears reasonably calculated to lead to the discovery of admissible evidence."[11]

Defendant Pep Boy's joinder in the motion to compel also requests the court for an order compelling plaintiff to sign releases for her employment, insurance, and Social Security Administration records.  However, defendant Pep Boy has not made the requisite certification that defendant has in good faith attempted to confer with plaintiff in the effort to secure the requested employment, insurance, and Social Security Administration records, nor are the efforts to secure the above-referenced records documented in defendant Cooper Tire's memorandum or good faith certification.

For the reasons stated above, the court grants defendants' motion for an order compelling plaintiff to execute releases for her medical records, but denies the request for an order compelling plaintiff to execute releases for her employment, insurance, and Social Security Administration records.

Pursuant to Federal Rule of Civil Procedure 35(a), defendants also request an order requiring plaintiff to submit to an independent medical examination ("IME").  Under

---

[10]Doc. 63 at 2.

[11]FED. R. CIV. P. 26(b)(1).

Rule 35(a), the court "may order a party to submit to a physical or mental examination by a suitably licensed or certified examiner" when the mental or physical condition of a party is in controversy.  "The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."[12]

It is undisputed that plaintiff's physical condition is in controversy.  Defendants have also made the requisite good cause showing for an IME.  Defendants seek to have plaintiff examined by a specialist in orthopedic surgery "because Ms. Mosely's treating doctor, Dr. Bailie, alleges that she will need one or more future surgeries for her shoulder, including a shoulder replacement."[13]  Defendants do not, however, "specify the time, place, manner, conditions, and scope of the examination and the person...by whom it is to be made" as required by Rule 35(a).  Accordingly, the court denies defendants' motion for an order requiring plaintiff to submit to an IME.

### V.  CONCLUSION

For the reasons set out above, the motion to compel at docket 44 is **GRANTED** insofar as it seeks to compel plaintiff to execute releases for plaintiff's medical records and **DENIED** insofar as it seeks to compel plaintiff to execute releases for employment, insurance, and Social Security Administration records and to submit to an independent medical examination.

---

[12]Fed. R. Civ. P. 35(a).

[13]Doc. 44 at 8.

It is **FURTHER ORDERED** that plaintiff shall execute the medical releases previously presented by defendants within five (5) days of the posting of this order.

DATED at Anchorage, Alaska, this 10th day of August 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE